# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS CUELLAR, | Case No. 1:25-cv-00149-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| BEHE, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE |
| Defendants. | |
| | (ECF No. 11) |
| | **FOURTEEN (14) DAY DEADLINE** |

**I.   Background**

Plaintiff Travis Cuellar ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On October 28, 2025, the Court screened the complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim under 42 U.S.C. § 1983. (ECF No. 11.) The Court issued an order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (*Id.*) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.*) Plaintiff failed to file an amended complaint or otherwise

communicate with the Court, and the deadline to do so has expired.

## II. Failure to State a Claim

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed in North Kern State Prison in Delano, California. Plaintiff alleges the events in the complaint occurred while he was housed as a pretrial detainee at Madera County Jail. Plaintiff names as defendants: (1) Behe, correctional officer, (2) Sgt. Khela, (3) Lt. Seaborn, (4) Does 1-10, correctional officers.

In claim 1, Plaintiff alleges denial of medical care in deliberate indifference. Plaintiff alleges as follows. Each defendant made an intentional decision respect to conditions knowing

2

1 that Plaintiff had a severe tooth infection for which Plaintiff sought treatment on multiple
2 occasions where the amount of pain was obvious and dangerous to Plaintiff's health. Plaintiff
3 sought treatment via medical sick call procedure at least 8 times and on 2 of those occasions Does
4 1-5 rejected Plaintiff's medical slip throwing it on the ground and 2 additional times the slips
5 were given to separate individuals to return to Plaintiff.

6 Aside from Does 1-5's rejection of medical slips, Plaintiff requested medical treatment
7 multiple times to Defendants Behe, Seaborn, and Khela, via verbal and written request, where
8 each defendant witnessed Plaintiff lying on the floor and begging for attention because by
9 unbearable pain. And defendants intentionally refused to provide care in retaliation for Plaintiff
10 filing facility grievances.

11 Plaintiff filed an emergency grievance attached at Exh. A[1] and Doe 6 of 10 and Khela and
12 Seaborn rejected Plaintiff's grievance claiming Plaintiff refused dental when called. Plaintiff
13 remained requesting dental for the months of September 2024 to as recently as 1/31/25. Plaintiff
14 was taken to dental where a severe infection was determined by X-ray. Plaintiff was prescribed
15 antibiotics which were never ordered or delivered per Doe 1. Upon departing dental, Doe 7
16 (Dentist) and Doe 8 (RDA) gave officer Lee a total of 8 blank dental sign in sheets for other
17 inmates scheduled for 1/31/25, requesting Lee to forge a verified refusal of each patient, which
18 Lee did. This shows a pattern and practice why Plaintiff's prior requests falsely show Plaintiff
19 refused.

20 The conditions put Plaintiff at risk of a blood infection and other risks. All Defendants
21 did not take reasonable measures to abate the risk and attempted to conceal the violations on a
22 grievance even though a reasonable officer in the circumstances would have appreciated the risk.

23 As remedies, Plaintiff compensatory and punitive damages and an apology.

24 **C.    Discussion**

25 Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to
26 state a cognizable claim under 42 U.S.C. § 1983.

27

---

28 [1] The complaint does not have any attachments.

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory and do not state what happened, when it happened, or which defendant was involved. General assertions regarding Plaintiff's medical care are not sufficient, and Plaintiff may not merely state he was denied rights without stating the factual support for denial of those rights. Plaintiff must state factual allegations to support his claims.

**Linkage**

Most of Plaintiff's allegations fail to assert the requisite causal link between the challenged conduct, a specific defendant, and a clearly identified constitutional violation. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft*, 556 U.S. at 676–77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to link the defendants to the alleged wrongful conduct. Plaintiff fails to allege what each defendant did or did not do which violated Plaintiff's constitutional rights. Plaintiff may not simply assert that a deprivation occurred and then accuse a group of defendants of being "responsible" for that deprivation.

4

**Fourteenth Amendment Due Process – Denial of Medical Care**

Under the Fourteenth Amendment, pretrial jail detainees have the right to receive adequate medical care during their detention. *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018); *see also Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003). To establish a deliberate indifference to medical needs claim against an individual defendant under the due process clause of the Fourteenth Amendment, a pretrial detainee must show that:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. The plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)).

Plaintiff fails to provide sufficient factual allegations to support a claim for inadequate medical care. At the pleading stage, Plaintiff alleges that he was in serious medical need, but fails to allege that each Defendant's response was unreasonable under the circumstances. Plaintiff may be able to state a claim against Defendants Behe, Seaborn, and Khela, but it is unclear what each defendant did in response to Plaintiff's requests. Plaintiff does not state what they did or did not do which violated Plaintiff's rights. Conclusory allegations are insufficient. Further, Plaintiff fails to state a claim merely because a defendant denied his medical slip. Indeed, Plaintiff alleges defendants refused medical because Plaintiff had previously refused medical treatment. Plaintiff states that this prior refusal was "false," but fails to allege that any defendant knew that his prior refusal was false. Plaintiff should identify the specific people who did not provide him with proper care and explain what they did or did not do.

Plaintiff fails to state a claim against Doe 1 for antibiotics which were never ordered or delivered. Plaintiff fails to include sufficient facts about the antibiotics for the Court to conclude that Plaintiff states a cognizable claim.

Plaintiff fails to state a claim against Doe 7 (Dentist) and Doe 8 (RDA).  It appears their conduct was not directed at Plaintiff and his medical treatment.

**Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff fails to adequately allege a link between any protected conduct.  Plaintiff does not allege what protected conduct he engaged in.  Plaintiff also does not adequately allege that any Defendant knew of any protected conduct or that any action regarding his dental needs was taken because Plaintiff engaged in protected conduct.  Plaintiff's conclusory allegation that he was denied medical care in retaliation is insufficient.  Further, Plaintiff has not alleged any chilling of his First Amendment rights.

**Injunctive Relief**

Plaintiff seeks an apology which the Court construes as a request for injunctive relief. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

**Doe Defendants**

Plaintiff names several doe defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

If Plaintiff wishes to name the officers as defendants, and does not yet know their names, he may name them as John Doe 1, John Doe 2, and so forth. Plaintiff must allege factual support for what each John Doe did or did not do which violated Plaintiff's rights.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

///

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's October 28, 2025 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 11.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence

or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 8, 2025**          /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE

9